**SCHINEBRO, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 16.**

Circuit Court of Appeals, Second Circuit.

Nov. 25, 1942.

John E. Hughes, of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Gerald L. Wallace, and Newton K. Fox, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Schinebro, Inc., is a personal holding company whose stock is wholly owned by two brothers, J. M. and L. W. Schine. On

August 15, 1936, the brothers Schine as directors of the company declared themselves a dividend of $15,000 for the year 1936. The dividend was to be paid by a distribution of 1000 shares of Texas and Pacific Coal and Oil Company and the allocation of cash, already received by the brothers in January and February of 1936, to make up the difference in the value of the Texas stock and the declared dividend. The cash payments when originally received were marked as "advances"; and admittedly Schinebro then owed the Schines considerably more than the amounts disbursed as "advances." At the time of the dividend declaration the stock was being used as collateral for a trading account maintained by Schinebro with J. S. Bache & Co., stockbrokers. There it remained until 1937, subject to whatever lien Bache & Co. may have had. Schinebro then sold the stock and reported a loss as its own in its return for the year 1937.

The Commissioner disallowed a dividends paid credit taken by Schinebro pursuant to § 27 of the Internal Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 837; and the disallowance was held correct by the Tax Court. The taxpayer ascribed error to this holding on the ground that § 14 of the Act, 26 U.S.C.A. Int.Rev.Acts, page 823, is inapplicable to personal holding companies, the undistributed adjusted net income of which is already taxed by section 351, and on the further ground that the disallowance was improper in view of the dividend declaration of Schinebro in 1936.

■ Taxpayer's first contention is without merit. The tax imposed by § 351, by the language of the statute, is in addition to those taxes levied in Title I. Furthermore, § 14 applies to every corporation except those specifically excluded by 14 (d) and 14 (e). That the reference to § 351 made by 14 (f) is presently without legal significance is clear. Section 2 of the Act, 26 U.S.C.A. Int.Rev.Acts, page 819, says as much.

■ The dividend declaration of August 15, 1936, does not in and of itself entitle the taxpayer to a credit. Section 27 allows a credit for dividends which are paid. In point of fact Schinebro continued to exercise dominion over the Texas Company stock by leaving it with Bache & Company. It was never made available to the stockholders and distribution is a prerequisite to the credit. See G. M. Cox v. Commissioner, 5 Cir., 128 F.2d 957, 959.

■ The January and February cash payments, on the other hand, come pro tanto fairly within the language of the credit section. It is true that these payments were originally marked "advances." But it cannot be said that payments once made may not thereafter within the taxable period be reallocated as dividends to the extent they could have been declared dividends originally. Since there was no evidence to challenge the bona fides of this transaction, the cash payments duly declared within the taxable period to be dividends must be treated to be what the corporation so made them.

Just as the portion of the dividend declared and payable in the stock is not allowable as a credit because it was not paid during the taxable period, the portion payable in cash is allowable only to the extent that it was so paid. Because it turned out that the corporation at the end of the year had only a surplus of $14,754.39 available for dividends, the journal entry made on December 31, 1936 recorded the payment of that amount only instead of the $15,000 declared. It did so by assigning a value of $13,393.50 to the stock which in fact exceeded its then market value though that is of no present importance since that part is not allowable as a credit. Its only significance, also now immaterial to the issue, is that the cash distribution as entered was less than it otherwise might have been. The latter was shown as $884.58 attributable to the previous payment to J. M. Schine and $476.31 to the payment to L. W. Schine. Each of them had received during the taxable period more cash than was so allocated to the payment of the dividend. To the extent that these payments to them were entered on the books as dividend payments the dividend was, therefore, paid and the taxpayer is entitled to that much credit under the statute.

Decision reversed and cause remanded to the Tax Court for a redetermination of the surtax in accordance with the above.